IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01711-REB-KMT


SIMON E. SUE,

    Plaintiff,

v.

WARDEN KEVIN MILYARD,
ASSOCIATE WARDEN TERRY BARTRUFF,
MAJOR LLOYD WAIDE,
MAJOR MARY COX,
MAJOR KENNETH WILDENSTEIN,
CAPTAIN GARY LITTLE,
CAPTAIN HIGGINS, and
CORRECTIONAL OFFICER NELSON

    Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

This case involves claims that Defendants violated Plaintiff's Fourth Amendment and Eighth constitutional rights during a strip search while incarcerated at Sterling Correctional Facility ("SCF"). This matter is before the court on Defendants' "Motion to Dismiss in Part" (Doc. No. 15) filed December 10, 2007. Jurisdiction is premised upon 42 U.S.C. § 1983 (2007).

## STATEMENT OF THE CASE

The following facts are taken from Plaintiff's Prisoner Complaint and the parties' submissions with respect to this Recommendation. Plaintiff Simon Sue has named as Defendants Kevin Milyard, the warden at SCF; Terry Bartruff, the associate warden at SCF; Lloyd Waide, the custody and control major at SCF; Mary Cox, the SCF programs manager; Kenneth Wildenstein, an SCF shift commander; and Gary Little and Officer Nelson, SCF correctional officers. (Prisoner Compl. at 2–3 [hereinafter "Compl."] [filed September 12, 2007].) Plaintiff alleges that on August 1, 2006, Defendants conducted a public strip search during which he was forced to expose himself to the view of both assembled prison inmates and prison staff, including women. (Compl. at 5–8.) Plaintiff claims that (1) Defendants violated his Fourth Amendment right to be protected against unreasonable search and seizure when Defendants subjected him to a strip search in view of at least 100 people; and (2) Defendants violated his Eighth Amendment right to be protected from cruel and unusual punishment when he was subjected to the public strip search for the purpose of punishment and intimidation. (*Id.* at 7–8.) Plaintiff seeks money damages and equitable relief. (*Id.* at 11.) Defendants have moved for dismissal of Plaintiff's Eighth Amendment claim only, on the basis that Plaintiff has failed to state a claim upon which relief can be granted. (Mot. to Dismiss in Part [hereinafter "Mot."] [filed December 10, 2007].)

## PROCEDURAL HISTORY

Plaintiff filed his Prisoner Complaint on September 12, 2007. (Compl.) Defendants filed their motion to dismiss in part on December 10, 2007. (Mot.) Plaintiff filed his response on

January 15, 2008.  (Pl.'s Resp. To Defs.' Mot. to Dismiss [hereinafter "Resp."].)  No reply has been filed.  This matter is ripe for review and recommendation.

**STANDARD OF REVIEW**

*1.* **Pro Se** *Plaintiff*

Simon E. Sue is proceeding *pro se*.  The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys."  *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted).  *See also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers").  However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based."  *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).  A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged.  *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).  *See also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").  The plaintiff's *pro se* status does not entitle him to application of different rules.  *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

## 2. *Fed. R. Civ. P. 12(b)(6)*

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) (2007). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

Thus, all well-pleaded factual allegations in a complaint are accepted as true and construed in the light most favorable to the plaintiff. *Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007). Further, the court is to make all reasonable inferences in the plaintiff's favor. *Timpanogos Tribe v. Conway*, 286 F.3d 1195, 1204 (10th Cir. 2002). In doing so, the court distinguishes well-pleaded facts from conclusory allegations. *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002) (citations omitted).

In *Bell Atlantic Corp. v. Twombly*, — U.S. —, 127 S. Ct. 1955, 1974 (2007), the Supreme Court articulated a new "plausibility" standard, under which a complaint must include "enough facts to state a claim to relief that is plausible on its face." 127 S. Ct. at 1974. The issue in reviewing the sufficiency of a plaintiff's complaint is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his claims. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (*overruled on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800 (1982)). In evaluating a 12(b)(6) motion to dismiss, it is appropriate to look to whether the plaintiff has alleged each element necessary to establish a prima facie claim on which relief

can be granted.  *See Ruiz*, 299 F.3d at 1182-83; *Sutton v. United Air Lines, Inc.*, 130 F.3d 893, 902-903 (10th Cir. 1997).  Although a plaintiff does not need to state each element of his claim precisely, he must plead minimal factual allegations on those material elements that must be proved.  *See* Fed. R. Civ. P. 8(a); *Hall*, 935 F.2d at 1110.

## ANALYSIS

Defendants assert that Plaintiff's claims that arise out of the strip search conducted on August 1, 2006, fail to state a claim for the violation of the Eighth Amendment's prohibition against cruel and unusual punishment.  (Mot. at 2.)  Plaintiff has the burden of proving his Eighth Amendment rights were violated by the strip search, thereby entitling him to relief under § 1983.  *Summum v. City of Ogden*, 297 F.3d 995, 1001 (10th Cir. 2002.)  The Supreme Court has extended the Eighth Amendment beyond punishments that are "physically barbarous." *Rhodes v. Chapman*, 452 U.S. 337, 345 (1981).  When a punishment is not alleged to be "physically barbarous," there must have been unnecessary and wanton infliction of pain.  *Id.* at 346.  The "unnecessary and wanton" standard includes punishments that are "so totally without penological justification" as to result in the "gratuitous infliction of suffering."  *Gregg v. Georgia*, 428 U.S. 153, 183 (1976).  "The question whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on 'whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.'"  *Hudson v. McMillian*, 503 U.S. 1, 6 (1992) (citing *Whitley v. Albers*, 475 U.S. 312, 320–21 (1986)).  When physical abuse is not alleged, the actions must represent more than an ordinary lack of due care for the prisoner's interest or safety.  *Whitley*, 475 U.S. at

5

319. "To be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interests or safety." *Id.* The Tenth Circuit has ruled that to constitute an Eighth Amendment violation, a strip search must involve abuse or unnecessary force. *Levoy v. Mills*, 788 F.2d 1437, 1439 (10th Cir. 1986).

Plaintiff's allegations do not implicate the Eighth Amendment protections recognized by the Supreme Court in *Rhodes*. Plaintiff has not alleged physical abuse associated with the search on August 1, 2006. Nor has he demonstrated either that the strip search was imposed as punishment or that it was conducted without any penological justification. Plaintiff asserts in his response, citing *Benefield v. McDowall*, 241 F. 3d 1267 (10th Cir. 2001), that the Eighth Amendment may be implicated not only to physical injury, but also by the infliction of psychological harm. *Benefield*, 241 F.3d at 1272. However, in *Benefield*, the Tenth Circuit noted that the actual extent of any physical injury, threats or psychological injury is pertinent in proving a substantial risk of serious harm. *Id.* In his Complaint, Plaintiff has failed to allege <u>any</u> harm, including physical or psychological harm. Therefore, even taking Plaintiff's allegations in the most favorable light most favorable, his Eighth Amendment claim fails to state a claim upon which relief can be granted.

WHEREFORE, for the foregoing reasons, the court respectfully

RECOMMENDS that Defendants' "Motion to Dismiss in Part" (Doc. No. 15) be GRANTED and that Plaintiff's Eighth Amendment claim be dismissed for failure to state a claim upon which relief can be granted.

## ADVISEMENT TO THE PARTIES

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review);  *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the

ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 18th day of August, 2008.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge