IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00229-WYD-MJW
 As consolidated with: 07-cv-01711-REB-MJW, Sue v. Milyard,
   07-cv-01976-PAB-KMT, Ybanez v. Milyard, and
   07-cv-02132-WYD-CBS, Thompson v. Milyard

ERIC QUADE, et al.,

Plaintiff,

v.

WARDEN KEVIN MILYARD, et al.,

Defendants.

## MINUTE ORDER

Entered by Magistrate Judge Michael J. Watanabe

 It is hereby **ORDERED** that plaintiff Thompson's Motion for the Appointment of Counsel **(Docket No. 37 filed in Case No. 07-cv-02132)** and Plaintiff [Sue's] Motion for Appointment of Counsel **(Docket No. 46 filed in Case No. 07-cv-01711)** are **denied without prejudice**. Appointment of counsel for an indigent inmate under 28 U.S.C. § 1915(d) is within the sound discretion of the court. See Bee v. Utah State Prison, 823 F.2d 397, 399 (10th Cir. 1987). When deciding whether to appoint counsel "the district court should consider a variety of factors, including the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." Loftin v. Dalessandri, 2001 WL 20731 (10th Cir. Jan. 9, 2001) (quoting Long v. Shillinger, 927 F.2d 525, 527 (10th Cir. 1991)). Having considered the current record in this case, the court finds that, even assuming plaintiffs Thompson and Sue have a colorable claim, they currently appear to be able to present their cases adequately. The factual and legal issues raised are not so numerous or complex that the plaintiffs are unable to present their cases adequately at this stage of the litigation.

 It is further **ORDERED** that the plaintiff Sue's motion to amend **(Docket No. 54 filed in Case No. 07-cv-01711)** is denied without prejudice for failing to attach a proposed amended complaint.

Date: December 19, 2008