IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  07-cv-00229-WYD-MJW
       As consolidated with:  07-cv-01711-REB-MJW
                              07-cv-01976-PAB-KMT
                              07-cv-02132-WYD-CBS

ERIC QUADE;
SIMON E. SUE;
NATHAN YBANEZ; and
LARRY ALLEN THOMPSON,

      Plaintiffs,

v.

WARDEN KEVIN MILYARD;
GARY LITTLE;
LLOYD WAIDE;
A NUMBER OF JOHN DOES WHOSE NAMES ARE NOT KNOWN; and
THE EXECUTIVE DIRECTOR OF THE COLORADO DEPARTMENT OF
CORRECTIONS,

      Defendants.

**ORDER**

THIS MATTER is before the Court upon review of the file.  This consolidated action arises from four civil actions that were filed by *pro se* prisoners as a result of a mass strip search conducted at the Sterling, Colorado Correctional Facility on August 1, 2006.  The cases include: (1) *Quade v. Milyard, et al.*, 07-cv-00229-WYD-MJW; (2) *Sue v. Milyard, et al.*, 07-cv-01711-REB-MJW; (3) *Ybanez v. Milyard, et al.*, 07-cv-01976-PAB-KMT; and (4) *Thompson v. Milyard, et al.*, 07-cv-02132-WYD-CBS.

The Plaintiffs alleged in their respective cases that their Fourth, Eighth, and

Fourteenth Amendment rights were violated during a mass search conducted in the west gym of the Sterling Correctional Facility. On September 23, 2008, Plaintiff Eric Quade filed a Motion to Consolidate Cases (docket #57). Plaintiffs Thompson and Sue responded to the motion to consolidate and indicated that they objected to consolidation. Plaintiff Ybanez did not object to the motion at the time, however he has since indicated that he objects to the consolidation. The Defendants indicated in their response that while the cases do not share identical claims and defendants, "these cases may be more easily adjudicated in one consolidated proceeding." (Defs.' Resp. at 3.) Accordingly, on December 18, 2008, I entered an Order consolidating the four cases.[1]

Since the consolidation order was entered, issues have arisen that have both complicated and delayed the instant action. First, Plaintiff Quade, who moved for consolidation of the cases, settled his claims and has been dismissed from the action by an Order entered on March 18, 2009. The remaining three Plaintiffs (Thompson, Sue, and Ybanez) have each filed several motions before the Court opposing consolidation and requesting that the cases be severed. Specifically, the Plaintiffs argue that when

---

[1] The determination of whether to consolidate cases is governed by Fed.R.Civ.P. 42(a), which provides that "[w]hen actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters at issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." Rule 42(a) is designed to allow the court "to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." *Breaux v. Am. Family Mut. Ins. Co.*, 220 F.R.D. 366, 367 (D.Colo. 2004). Consolidation is within the discretion of the trial court. *Gillette Motor Transport v. Northern Oklahoma Butane Co.*, 179 F.2d 711, 712 (10th Cir. 1950).

the four cases were consolidated, they were all at different stages of litigation. *Sue v. Milyard* and *Ybanez v. Milyard* had progressed to the discovery stage and each Plaintiff had outstanding discovery requests tendered to the Defendants.  The Plaintiffs state that the subsequent consolidation has caused difficulty in obtaining information and created much confusion with respect to the discovery process.  The Plaintiffs are not receiving pleadings or orders governing the schedule of the discovery process or responses to their discovery requests.  Additionally, Plaintiff Thompson, whose case had not yet begun the discovery process when the consolidation order was entered, was not afforded the opportunity to participate in a scheduling conference since the scheduling order issued in *Quade v. Milyard* governs all discovery matters in this action.

Second, the Plaintiffs contend that the cases have different named Defendants. The *Sue* and *Ybanez* matters include several Defendants that were not named in the *Thompson* case.  The Plaintiffs further oppose the consolidation because, as *pro se* prisoners, they cannot contact the other parties to resolve confusion and are unclear as to both the present parties and claims in the case.

Finally, prior to the consolidation, all of the cases received rulings on various motions to dismiss filed by the Defendants.  According to these rulings, only the Fourth Amendment claim remains in the *Ybanez* and *Sue* matters, while both the Fourth and Eighth Amendment claims survived in *Thompson*.

Courts have an "inherent power to manage [our] own affairs as to achieve the orderly and expeditious disposition of cases." *United States ex rel. Jiminez*, 400 F.3d 853, 856 (10th Cir. 2005) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31

(1962)). Based on a careful review of the recent filings, and in light of the current record, I have determined that consolidation is now inappropriate. I see no benefit in terms of judicial economy or otherwise by permitting this case to proceed as a consolidated action. In fact, I see potential for increased confusion, delay and possible prejudice if I do not reconsider my consolidation order. Accordingly, it is

ORDERED that the Order to Consolidate (docket #79), filed December 18, 2008, is **VACATED.**  It is

FURTHER ORDERED that pursuant to D.C.COLO.LCivR 42.1, each case shall be reassigned to the judicial officer before whom it was pending when the motion to consolidate was filed. In accordance therewith, *Sue v. Milyard, et al.*, 07-cv-01711-REB-MJW is reassigned to District Judge Robert E. Blackburn; *Ybanez v. Milyard, et al.*, 07-cv-01976-PAB-KMT is reassigned to District Judge Philip A. Brimmer; and *Thompson v. Milyard, et al.*, 07-cv-02132-WYD-CBS will remain assigned to Chief District Judge Wiley Y. Daniel. It is

FURTHER ORDERED that the clerk of the court shall docket this Order in the following cases: (1) *Quade v. Milyard, et al.*, 07-cv-00229-WYD-MJW; (2) *Sue v. Milyard, et al.*, 07-cv-01711-REB-MJW; (3) *Ybanez v. Milyard, et al.*, 07-cv-01976-PAB-KMT; and (4) *Thompson v. Milyard, et al.*, 07-cv-02132-WYD-CBS. It is

FURTHER ORDERED that the clerk of the court shall forward a copy of this Order to District Judge Blackburn, District Judge Brimmer, Magistrate Judge Watanabe, Magistrate Judge Tafoya, and Magistrate Judge Shaffer.

Dated: April 6, 2009

                                                  BY THE COURT:

                                                  s/ Wiley Y. Daniel
                                                  Wiley Y. Daniel
                                                  Chief United States District Judge