IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Michael J. Watanabe
United States Magistrate Judge

Civil Action No. 07-cv-01711-REB-MJW

SIMON E. SUE,

Plaintiff,

v.

WARDEN KEVIN MILYARD, et al.,

Defendant(s).

---

ORDER REGARDING THE PRO SE INCARCERATED PLAINTIFF SUE'S MOTION TO COMPEL THIRD PRODUCTION OF DOCUMENTS PURSUANT TO F.R.C.P. [SIC] RULE 37 (A) (DOCKET NO. 71)

---

This matter is before the court on the Pro Se Incarcerated Plaintiff Sue's Motion to Compel Third Production of Documents Pursuant to F.R.C.P. [sic] Rule 37 (a)(docket no. 71). The court has reviewed the subject motion (docket no. 71) and the response (docket no. 81) thereto. In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law and order.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The court finds:

    1.    That I have jurisdiction over the subject matter and over the parties

|   |   |
|---|---|
|   | to this lawsuit; |
| 2 | That venue is proper in the state and District of Colorado; |
| 3. | That each party has been given a fair and adequate opportunity to be heard; |
| 4. | Rule 26(b) of the Federal Rules of Civil Procedure provides in relevant part that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). "Despite this broad language, the rule does allow a court to limit discovery if 'the burden or expense of the proposed discovery outweighs its likely benefit.'" Koch v. Koch Indus., Inc., 203 F.3d 1202, 1238 (10th Cir. 2000). |

Under the discovery rules, the presumption is that the responding party must bear the expense of complying with discovery requests, except a court may protect the responding party from undue burden or expense by shifting some or all of the costs of production to the requesting party. See Fed. R. Civ. P. 26(c). See also Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 358 (1978). In determining whether to shift the costs of discovery to the requesting party, factors to consider include:

> (1) the specificity of the discovery requests; (2) the likelihood of discovering critical information; (3) the availability of such information from other sources; (4) the purposes for which the responding party maintains the requested data; (5) the relative benefit to the parties of obtaining the information; (6) the total cost associated with production; (7) the relative ability of each party to control costs and its incentive to do so; and, (8) the resources available to each party.

Rowe Entertainment, Inc. v. The William Morris Agency, Inc., 205 F.R.D. 421, 429 (S.D.N.Y. 2002).;

5. That the Pro Se Incarcerated Plaintiff Sue is one of four pro se prison inmates who brought suit pursuant to 42 U.S.C. § 1983 arising out of an incident at the Sterling Correctional Facility in which he and a number of other inmates underwent a mass strip search of all of the inmates in Living Units 1 and 2 of the Sterling Correctional Facility on August 1, 2006.  The mass strip search was undertaken in an attempt to find and confiscate drugs, which were linked to the death of an inmate whose body was found four days before the search.  Pro Se Incarcerated Plaintiffs Quade and Thompson have settled their cases.  As of the date of this Order, the two remaining Pro Se Incarcerated Plaintiffs are Ybanez and Sue; and,

6. That as to Pro Se Incarcerated Plaintiff Sue's Request for Production No. 24, I find the information requested in Request for Production No. 24 is irrelevant to the issues before the court noting that the strip search took place in the gymnasium at the Sterling

Correctional Facility and therefore no further response is required by Defendants;

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **ORDERS:**

1. That the Pro Se Incarcerated Plaintiff Sue's Motion to Compel Third Production of Documents Pursuant to F.R.C.P. [sic] Rule 37 (a)(docket no. 71) is **DENIED**.

2. That each party shall pay their own attorney fees and costs since under the facts and circumstances of this case an award of expenses would be unjust.

Done this 13th day of May, 2009.

BY THE COURT

S/ Michael J. Watanabe
MICHAEL J. WATANABE
U.S. Magistrate Judge