IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01711-REB-MJW

SIMON E. SUE,

Plaintiff,

v.

WARDEN KEVIN MILYARD, et al.,

Defendants.

**ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION (Docket No. 101)**

**Entered by Magistrate Judge Michael J. Watanabe**

Before the court is the plaintiff's Motion for Reconsideration, In Part, of the May 26, 2009 Order Denying Plaintiff's Motion to Compel.  (Docket No. 101).  Defendants have filed a response thereto.  (Docket No. 107).  The court has considered these motion papers as well as the court's Order issued on May 26, 2009 (Docket No. 89), the then pro se Plaintiff's Motion to Compel Discovery (Docket No. 58), the response thereto (Docket No. 61), and the plaintiff's supplement/reply (Docket No. 101-6).

In the instant motion, plaintiff requests that the court impose sanctions against defendants for their spoliation of evidence, in particular, the videotape of the mass strip search at issue in this case.

"To ensure that the expansive discovery permitted by Rule 26(b)(1) does not become a futile exercise, putative litigants have a duty to preserve documents that may be relevant to pending or imminent litigation."  Cache La Poudre Feeds, LLC v. Land

O'Lakes, Inc., 244 F.R.D. 614, 620 (D. Colo. 2007) (citing Zubulake v. UBS Warburg, LLC, 200 F.R.D. 212, 216 (S.D.N.Y. 2003) ("the obligation to preserve evidence arises when the party has notice that the evidence is relevant to litigation or when a party should have known that the evidence may be relevant to future litigation")). "'Spoliation' has been defined as 'the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation.'" Id. (and cases cited therein). Rule 37(e) of the Federal Rules of Civil Procedure, however, provides that "[a]bsent exceptional circumstances, a court may not impose sanctions under these rules on a party for failing to provide electronically stored information lost as a result of the routine, good-faith operation of an electronic information system."

"The court has inherent power to impose sanctions for the destruction or loss of evidence." Cache La Poudre Feeds, LLC, 244 F.R.D. at 620 (and cases cited therein). "Federal courts have authority to impose a variety of sanctions for spoliation including dismissal of the action." Kokins v. Teleflex Inc., 2007 WL 4322322, *2 (D. Colo. Dec. 6, 2007) (Miller, J.). "When deciding whether to sanction a party for the spoliation of evidence, courts have considered a variety of factors, two of which generally carry the most weight: (1) the degree of culpability of the party who lost or destroyed the evidence; and (2) the degree of actual prejudice to the other party." Id. (quoting Jordan F. Miller Corp. v. Mid-Continent Aircraft Serv., Inc., 1998 WL 68879, *13 (10th Cir. Feb. 20, 1998) (unpublished)). "[T]he destruction need not be in bad faith to warrant spoliation sanctions." Id.; "The movant has the burden of proving, by a preponderance of the evidence, that the opposing party failed to preserve evidence or destroyed it."

3

<u>Ernest v. Lockheed Martin Corp.</u>, 2008 WL 2945608, *1 (D. Colo. July 28, 2008).

  Here, the court finds that the plaintiff has not established bad faith nor any evidence of purposeful destruction or spoliation of the August 1, 2006, video footage of the strip search taken by the surveillance camera in the gym.  Instead, it was automatically recorded over within five to seven days after the strip search due to the normal operating process of the camera's computer system.  Defendants have detailed how the video system operates and have shown that such video footage was never recorded on a videotape but was temporarily electronically stored on a computer hard drive by an automated computer system that operates hundreds of surveillance cameras throughout the correctional facility.  Such video footage is temporarily stored and then recorded over continually on an automatic basis when the computer's hard drive fills up, which normally occurs every five to seven days.  On some occasions the footage taken by such cameras is stored upon request, but any such requests must be made before the video is recorded over automatically.  According to defendants, no video footage of the August 1, 2006, strip search was stored because the location was not deemed to be a crime scene, and there were no incidents or disciplinary violations reported in conjunction with the search.

  While plaintiff's supplement/reply to the motion to compel attached a grievance by another inmate (Lamar Wendell, who has never filed a lawsuit concerning the strip search) which contained a request that the video footage of the strip search be preserved, it is stamped as having been received on August 7, 2006.  (Docket No. 101-6 at 7).  As noted by defendants, August 7 would have been the outer-end of the time period during which the video footage might have been saved.  The video could have

4

been automatically recorded over before then. Furthermore, as noted by defendants, even though the grievance was marked as having been received on those dates, it does not necessarily follow that anyone was actually aware of the request made therein to preserve the video until a staff member reviewed the substance of the grievance and formulated a response. In fact, the responding staff marked the grievance as having been received on August 11, 2006, which was also the date of the response, which would have been well after the video footage of the August 1, 2006, strip search had already been automatically recorded over. In addition, plaintiff's own grievance form, which was attached to his motion to compel, was dated August 8, 2006, and stamped as having been received on August 10, 2006, which is also after the time the video would have been recorded over automatically.

The court thus finds that the plaintiff has not shown by a preponderance of the evidence that any of the defendants took any affirmative steps to spoil or destroy evidence or failed to preserve evidence after having notice that it was relevant to litigation or knowing that the evidence may be relevant to future litigation. The video was recorded over pursuant to the normal operating procedures of the equipment in question, before plaintiff made a request to preserve it, and more than likely before any inmate's request to preserve was actually reviewed. Therefore, sanctions should not be awarded.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the plaintiff's Motion for Reconsideration, In Part, of the May 26, 2009 Order Denying Plaintiff's Motion to Compel (Docket No. 101) is granted. It is,

5

however, further

**ORDERED** that the court's Order of May 26, 2009 (Docket No. 89) stands, and thus Plaintiff's Motion to Compel Discovery (Docket No. 58) is still denied.

Done this 6th day of August, 2009.

By the Court:

s/ Michael J. Watanabe
Michael J. Watanabe
United States Magistrate Judge